**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RONALD CRAIG GRADLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case Number CIV-05-973-C |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Now before the Court is a Notice of Intent to Appeal filed by Petitioner Ronald Craig Gradle (Gradle), a prisoner appearing pro se. The Court construes Gradle's Notice of Intent to Appeal as a Motion for Certificate of Appealability (COA) to appeal the Court's denial of his Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that a state prisoner must obtain a COA to appeal the denial of a § 2254 habeas petition).

The Court may grant Gradle a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court previously denied Gradle's § 2254 motion on procedural default grounds; therefore, the Court did not address the merits of his constitutional claim. (Report and Recommendation, Dkt. No. 23; Order, Dkt. No. 25.) As a result, the requisite "substantial showing" Gradle must make is two-fold: "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[,] and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v.

McDaniel, 529 U.S. 473, 484 (2000). Gradle is not tasked with demonstrating that his appeal will succeed. Miller-El v. Cockrell, 537 U.S. 322, 337 (2003).

Here, Gradle merely reiterates a portion of his objections previously filed. He fails to make the requisite showing as required by Slack; therefore, Gradle's Motion for Certificate of Appealability (Dkt. No. 30) is **DENIED**.

IT IS SO ORDERED this 1st day of February, 2006.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge